**Maverick KENDRICKS,**
**Plaintiff–Appellant,**

v.

**WESTHAB, INC., Defendant–Appellee.**

**Docket No. 01–9347.**

United States Court of Appeals,
Second Circuit.

July 3, 2002.

Maverick Kendricks, pro se, Yonkers, NY, for Plaintiff–Appellant.

Susan Schenkel–Savitt, Winston & Strawn, New York, NY, for Defendant–Appellee.

Present CALABRESI, SACK, and PARKER, Circuit Judges.

*SUMMARY ORDER*

Appeal from the United States District Court for the Southern District of New York (*Marrero, J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

On October 31, 1997, Maverick Kendricks filed *pro se* a complaint against Westhab, Inc., alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12102 *et seq.*, based on Westhab's termination of his employment, its failure to accommodate his disability, unequal terms and conditions of his employment, and Westhab's retaliation on the basis of his race, sexual preference, and disability. Kendricks' claimed disability allegedly resulted from an incident where he "fell on Westhab grounds [and] hit [his] head."

In August 1999, Westhab moved to dismiss Kendrick's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Kendricks opposed Westhab's motion. In February 2000, Magistrate Judge Ellis issued a report and recommendation suggesting that Westhab's motion to dismiss should be granted. The Magistrate Judge also advised that because Kendricks was filing *pro se*, he should be granted leave to replead his disability and retaliation claims. Kendricks filed an objection. By order entered September 26, 2000, the district court adopted the Magistrate Judge's report and recommendation in its entirety.

Kendricks exercised his option to replead and filed an amended complaint in January 2001. In his amended complaint, Kendricks alleged (1) that Westhab violated the ADA by not accommodating his disability, which was the result of an accident on Westhab's premises; (2) that Westhab and its employees conspired to prevent his receipt of benefits by providing false information to the state insurance fund; and (3) that he was terminated in

**620**

retaliation for his activism in speaking out against Westhab's discriminatory practices. In February 2001, Westhab moved to dismiss Kendricks' complaint, arguing (1) that Kendricks' claims of retaliation were conclusory, vague, and not raised in his Equal Employment Opportunity Commission (EEOC) complaint; (2) that falling and hitting one's head is not a disability under the ADA; (3) that Kendricks' claims of nonaccommodation were conclusory; (4) that Kendricks' remaining claims were conclusory; (5) that Kendricks' entire complaint was untimely; and (6) that Kendricks' claims were barred by the statute of limitations. Kendricks opposed Westhab's motion to dismiss.

On September 5, 2001, the Magistrate Judge Ellis issued a report and recommendation suggesting that Westhab's motion to dismiss be granted. With respect to Kendricks' ADA discrimination claim, the Magistrate Judge found (1) that Kendricks had neither alleged nor shown that his head injury limited a major life activity or that he was regarded as being disabled and therefore hadn't alleged sufficient facts to show a disability under the ADA; (2) that even if he were disabled, Kendricks had not shown that Westhab knew of that disability; and (3) that Westhab had accommodated his head injury by granting him approximately three months leave of absence. With respect to Kendricks' retaliation claim, the Magistrate Judge found that Kendricks' allegations were vague and had indicated neither that his statements constituted protected activity nor that there was any causal link between the statements and his dismissal.

Kendricks objected to the Magistrate Judge's report and recommendation. On October 17, 2001, after having received the objections, the court entered final judgment accepting the report and recommendation in its entirety. Kendricks appeals from this judgment.

## DISCUSSION

The Magistrate Judge and the district court admirably gave the appellant any number of opportunities to amend, clarify, and correct his complaint. We have examined all of appellant's claims and find them meritless, for substantially the same reasons stated by the Magistrate Judge's report and recommendation of September 5, 2001, as adopted by the district court. Accordingly, we AFFIRM the judgment of the district court.